IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NANCY BOWLING, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | C.A. NO.: _____ |
| FLUOR CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Fluor Federal Global Projects, Inc., incorrectly named as Fluor Corporation ("FFGP" or "Defendant"),[1] files this Notice of Removal of the civil action filed against it by Nancy Bowling, the Plaintiff, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, *et seq.*, on the basis of the following facts, which demonstrate the existence of federal question matter and diversity jurisdiction in this Court.

## I.    INTRODUCTION

1.    On February 2, 2016, Plaintiff Nancy Bowling ("Plaintiff") filed her Original Petition in the 193rd Judicial District Court of Dallas County, Texas, styled *Nancy Bowling v. Fluor Corporation*, Cause No. DC-16-01317 (Exhibit D).

2.    On February 22, 2016, Plaintiff served a copy of her Original Petition on FFGP (Exhibit C).  On March 4, 2016, an Answer to Plaintiff's Original Petition was filed (Exhibit J). Accordingly, Removal is timely under 28 U.S.C. § 1446(b).

---

[1]    FFGP was incorrectly named in the Original Petition as "Fluor Corporation." FFGP denies that Fluor Corporation is a proper party with respect to any claims asserted by Plaintiff in the Original Petition. However, out of an abundance of caution and to the extent determined by the Court to be required, Fluor Corporation joins in this Notice of Removal.

## II.     GROUNDS FOR REMOVAL

### A.     Subject Matter Jurisdiction

3.     This Court has original subject matter jurisdiction over this civil action under 28 U.S.C. § 1331 because a federal question under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"), appears on the face of Plaintiff's initial pleading.

4.     Plaintiff's Original Petition alleges, *inter alia*, claims for sexual harassment, gender discrimination, and retaliation under Title VII (Exhibit D, Original Petition, ¶¶ 22–25). Plaintiff also claims Defendant unlawfully retaliated against her on account of her reporting and opposing ongoing gender discrimination in violation of Title VII (Exhibit D, Original Petition, ¶¶ 26–29).  The Original Petition expressly states that it purports to invoke jurisdiction, *inter alia*, pursuant to Title VII (Exhibit D, Original Petition, ¶¶ 8–11).

5.     To the extent Plaintiff's Original Petition alleges statutory, state common law, or other nonfederal claims, this Court may assert supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under Title VII and "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

### B.     Diversity Jurisdiction

6.     As demonstrated below, this Court also has original jurisdiction over this action under 28 U.S.C. § 1332 by virtue of the parties' complete diversity of citizenship and the amount in controversy.

7.     **Diversity of Citizenship:**     There is complete diversity of citizenship between the parties in this action as required by 28 U.S.C. § 1332:

a. *Plaintiff*: Plaintiff Nancy Bowling was, at the commencement of this action, and is presently, a citizen and resident of the State of Texas (Ex. D, Petition, ¶ 3).

b. *Defendant*: FFGP was, at the commencement of this action, and is presently, a citizen of the States of Delaware and South Carolina, being a corporation organized and existing under the laws of the State of Delaware, and having its principal place of business in the State of South Carolina.

8.     **Amount in Controversy:**     The amount in controversy in Plaintiff's action is in excess of $75,000.00, exclusive of interest and cost.  Although Plaintiff does not demand a specific sum in her Original Petition, she states that she "in good faith seeks monetary relief of more than two hundred thousand dollars ($200,000.00) but less than one million dollars ($1,000,000.00)" (Exhibit D, Original Petition, ¶ 7).  Plaintiff's Original Petition alleges complaints of sexual harassment, gender discrimination, and retaliation brought under Title VII and the Texas Commission on Human Rights Act ("TCHRA"), Chapter 21.001 *et seq.* of the Texas Labor Code (Exhibit D, Original Petition, ¶¶ 22–29).  Plaintiff also asserts claims for intentional infliction of emotional distress and negligent training and supervision (Exhibit D, Original Petition, ¶¶ 30–34).   Specifically, Plaintiff alleges Defendant terminated her employment after she complained and opposed discriminatory actions (Exhibit D, Original Petition, ¶¶ 12–21).  Because Plaintiff seeks monetary relief exceeding $200,000.00, and seeks damages for economic and compensatory damages, damages for mental anguish, punitive damages, and attorney's fees, all arising from her sexual harassment, discrimination, retaliation, intentional infliction of emotional distress, and negligence actions, the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs (*see* Exhibit D, Original Petition, ¶¶ 7, 35–39).  *See*, *e.g.*, Texas Labor Code §§ 21.258 (describing equitable relief available and limiting back pay to two years before the date a complaint is filed with commission), 21.2585(d)

3

(setting the maximum liability for compensatory and punitive damages), and 21.259 (providing for award of reasonable attorney's fees to prevailing party).

## III.     REMOVAL IS PROPER

9.      Removal is proper because Plaintiff raises a federal question by asserting harassment, discrimination, and retaliation claims under Title VII.  Removal is also proper because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.  Thus, this action may be removed to the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1441.

10.     To the extent Plaintiff's Original Petition alleges statutory, state common law, or other nonfederal claims, this Court may assert supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under Title VII and "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

## IV.     REMOVAL IS TIMELY

11.     **Service of Process:** Defendant was served with Plaintiff's Original Petition on February 22, 2016.  *See* Exhibit C, Executed Process.

12.     **Removal is Timely:** This Notice of Removal is filed within thirty (30) days of the date Defendant was served with notice of Plaintiff's lawsuit.  Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## V.     THE PROCEDURAL REQUIREMENTS

13.     This action is properly removed to the United States District Court for the Northern District of Texas, Dallas Division, as the State Court Action is pending within this district and division.  *See* 28 U.S.C. §§ 124(a)(1) and 1441(a).

4

14.     Under 28 U.S.C. § 1446(a), and the Northern District of Texas Local Rule LR 81.1, this Notice of Removal is accompanied by the following documents:

a.     An index of documents (**Exhibit A**);

b.     The docket sheet in the state court action (**Exhibit B**);

c.     All executed process in the case (**Exhibit C**);

d.     Plaintiff's Original Petition (**Exhibit D**);

e.     Plaintiff's Civil Case Information Sheet (**Exhibit E**);

f.     Plaintiff's Citation Service Request (**Exhibit F**);

g.     Issued Citation (**Exhibit G**);

h.     Court's Notice of Initial Dismissal Hearing (**Exhibit H**);

i.     Returned Mail (**Exhibit I**);

j.     Defendant Fluor Federal Global Projects, Inc.'s Original Answer (**Exhibit J**);

k.     All orders signed by the state judge (none); and

l.     A list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit K**).

15.     Pursuant to 28 U.S.C. § 1446(d), Defendant is also promptly filing a written notice of filing of notice of removal and a true and complete copy of this Notice of Removal with the clerk of the 193rd Judicial District Court of Dallas County, Texas, and is serving Plaintiff with copies of the same.

## VI.     PRAYER

WHEREFORE, Defendant prays that this Notice of Removal be deemed good and sufficient, and that Plaintiff's Original Petition be removed from the 193rd Judicial District Court of Dallas County, Texas to the Northern District of Texas, Dallas Division.  Defendant further

prays that this Court accept jurisdiction of this action and that it be placed on this Court's docket for further proceedings as though it had originated in this Court and that the Court issue all necessary orders.

**Date:  March 4, 2016**                              Respectfully submitted,

**BAKER HOSTETLER LLP**

By:  */s/ Dennis P. Duffy*
      Dennis P. Duffy
      State Bar No. 06168900
      Kelline R. Linton
      State Bar No. 24085436
      811 Main Street, Suite 1100
      Houston, Texas 77002-4995
      Telephone: (713) 751-1600
      Facsimile: (713) 751-1717
      Email:  dpduffy@bakerlaw.com
      Email:  klinton@bakerlaw.com

**ATTORNEYS FOR DEFENDANT**
**FLUOR FEDERAL GLOBAL PROJECTS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon

counsel of record via electronic mail and/or certified mail, return receipt requested on this the 4th

day of March, 2016.

Javier Espinoza
Lara Brock
Espinoza Law Firm, PLLC
2211 Danbury Street
San Antonio, Texas 78217
Javier@espinozafirm.com
lara@espinozafirm.com


  /s/   Dennis P. Duffy
Dennis P. Duffy

7